**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 18-cv-3162-WJM-KMT

MARY LEE KAHLER,

     Plaintiff,

v.

JONNA LEGGITT, GM #1384, and,
WALMART INC.,

     Defendants.

---

**ORDER ADOPTING MAY 3, 2019 RECOMMENDATION OF
MAGISTRATE JUDGE GRANTING DEFENDANTS' MOTION TO DISMISS
AND DENYING PLAINTIFF'S MOTION TO AMEND**

---

     This matter is before the Court on United States Magistrate Judge Kathleen M.

Tafoya's Recommendation dated May 3, 2019 (the "Recommendation"; ECF No. 46),

which recommended that this Court (1) grant Defendants Walmart Inc. ("Walmart") and

Jonna Leggitt's ("Leggitt") (collectively, the "Defendants") Motion to Dismiss (ECF

No. 13); (2) deny Plaintiff Mary Lee Kahler's ("Plaintiff") Request for Amended

Employment Discrimination Complaint ("Motion to Amend"; ECF No. 27); and

(3) dismiss this action in its entirety.  The Recommendation is incorporated herein by

reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

     Plaintiff filed an Objection to the Recommendation ("Objection"; ECF No. 49), to

which the Defendants responded (ECF No. 50).  After the Recommendation was

docketed, Plaintiff filed a Motion for Extension of Time for First Set of Discovery

("Motion for Time Extension"; ECF No. 48), which is currently pending before the Court.

For the reasons set forth below, the Recommendation is adopted in its entirety, Plaintiff's Objection is overruled, Defendants' Motion to Dismiss is granted, Plaintiff's Motion to Amend is denied, and Plaintiff's Motion for Time Extension is denied as moot.

## I. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Here, Plaintiff filed an objection to the Recommendation.[1] (ECF No. 49.) Therefore, the Court reviews the issues before it *de novo*, except where otherwise noted.

In considering the Recommendation, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, reads her pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir.

---

[1] The Court recognizes that there is an issue as to whether Plaintiff's Objection was timely. (*See* ECF No. 46 at 16–17; ECF No. 49 at 17–18.) Nevertheless, the Court finds that it need not decide the timeliness issue because it would have no bearing on the outcome of this Order as the Court would affirm the Recommendation, regardless of whether the Objection was timely or untimely.

2007). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003).

## II. FACTUAL & PROCEDURAL BACKGROUND

The following factual summary is drawn from Plaintiff's currently operative complaint—the First Amended Complaint (ECF No. 4)—except where otherwise noted. The Court assumes the allegations contained in the First Amended Complaint to be true for the purpose of deciding the Motion to Dismiss. *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

In this action, Plaintiff brings claims against the Defendants for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*[2] (ECF No. 4 at 2.)

Plaintiff was an employee at a Walmart store located in La Junta, Colorado, until April 3, 2016, when she was discharged and placed on "rehire status." (*Id*. at 10.) At

---

[2] In the First Amended Complaint (which was brought on this District's approved form for filing Employment Discrimination Complaints), Plaintiff checked the box for bringing claims pursuant to Title VII. (*See* ECF No. 4 at 2.) However, Plaintiff does not allege any facts in her First Amended Complaint (or in any other filing) that could support a Title VII claim (employment discrimination on the basis of race, color, religion, sex, or national origin). (*See* ECF No. 4.) This discrepancy was noted in the Recommendation, with Judge Tafoya finding that "Plaintiff actually does not bring any claims under [Title VII]." (ECF No. 46 at 2 n.1.) In the Objection, Plaintiff responded by stating: "Title VII was amended to include disabilities and age, right?" (ECF No. 49 at 4; *see also id*. at 6 ("Plaintiff claims [Title VII] age and disability discrimination").) Title VII, however, was not amended to include age and disability discrimination. *See* 42 U.S.C. §§ 2000e *et seq.* Because it is clear that Plaintiff is only bringing claims for age and disability discrimination—and not discrimination on the basis of race, color, religion, sex, or national origin—the Court's analysis will focus on the ADA and the ADEA, and not Title VII.

the date of her discharge, Plaintiff was 62 years old.  (*Id*.; ECF No. 49 at 13.)  On March

20, 2017—351 days after she was discharged—Plaintiff filed a Charge of Discrimination

with the Equal Employment Opportunity Commission ("EEOC"), alleging age and

disability discrimination against Walmart (the "Charge"; ECF No. 4 at 10).  (*See also*

ECF No. 13-1.)  The Charge included the following allegations:

> On April 3, 2016, I was discharged from my position, but was
> placed on rehire status.  On May 4, 2016, and every 60 days
> since then, I have applied to be considered for a position in
> the shoe, cashier, toy, jewelry, fabric, greeter and apparel
> department without response.  I know of a younger female in
> her 20's who was rehired in the fabric department after she
> was discharged from her position.
>
> I believe I have been discriminated against because of my
> age (63), in violation of the Age Discrimination in
> Employment Act of 1967 (ADEA), as amended; and
> because of a disability, within the meaning of the Americans
> with Disability Act of 1990 (ADA), as amended, in violation of
> the ADA.

(ECF No. 4 at 10.)

On September 19, 2018, the EEOC mailed Plaintiff a letter, informing her that it

had dismissed the Charge.  (*Id*. at 9.)  Attached to the letter was a Dismissal and Notice

of Rights, wherein the EEOC apprised Plaintiff of her right to file a lawsuit based on the

Charge.  (*Id*. at 8.)  On December 10, 2018, Plaintiff filed the instant civil lawsuit against

Walmart and Leggitt, the General Manager of the Walmart store where Plaintiff had

worked.  (ECF No. 1; ECF No. 49 at 6.)

Plaintiff first alleges "wrongful termination" based upon her age.  (ECF No. 4

at 3.)  When asked which of the following "the conduct complained of in this claim

involves," Plaintiff checked the boxes for "termination of employment" and "different

terms and conditions of employment," and wrote in the "other" box: "family leave absence denied." (*Id*. at 3.) In support of this claim, Plaintiff makes the following factual allegations:

> Wrongful termination/family leave absence denied[.]
>
> Failure of defendant to rehire after wrongful termination. . . .
>
> Wrongful termination is based on defendant's refusal to authorize a family leave absence which led to what they considered "excessive absences[.]" Plaintiff had exemplary attendance and work ethic. Walmart's change in policies at that time led to wrongful termination of many excellent employees, according to Human Resources staff.

(*Id*. at 4.)

Plaintiff then alleges "failure to rehire" based upon her age and disabilities. (*Id*. at 5.) When asked which of the following "the conduct complained of in this claim involves," Plaintiff checked the boxes for "failure to hire," "failure to promote," "failure to accommodate disability," and "retaliation," and wrote in the "other" box: "hired less qualified." (*Id*. at 5.) As Judge Tafoya did in the Recommendation, the Court construes these to be separate claims—namely, a failure to promote claim, a failure to accommodate disability claim, a retaliation claim, and a failure to rehire claim (which the Court construes to incorporate the conduct regarding "hired less qualified" and "failed to hire"). (*See* ECF No. 46 at 7, 9–11.) In support of these claims, Plaintiff makes the following factual allegations:

> Failure to rehire/hired less qualified[.]
>
> After wrongful termination, defendant hired three employees in plaintiff's department who were all younger and less experienced/less qualified than the plaintiff. Defendant has continued to deny employment at every open hiring and

every application opportunity. Plaintiff was passed over for
promotion to Assistant Department Manager, a much
younger less experienced man was hired. After age- and
work-related knee surgery, plaintiff was not allowed to use
carts for greater mobility and load carrying. Employees were
required to park past the third light-post, much further from
store, which led to longer walk to clock in. Defendant failed
to recognize any disability.

(*Id*. at 4.) That is the extent of Plaintiff's support for these claims. (*See id*. at 4–5.)

On February 14, 2019, the Defendants filed their Motion to Dismiss, requesting

that the Court "(1) dismiss the claims for which Plaintiff failed to file a timely Charge of

Discrimination with the Equal Employment Opportunity Commission; (2) dismiss all of

Plaintiff's claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); and

(3) dismiss Plaintiff's claims against Ms. Leggitt in her individual capacity." (ECF No. 13

at 1.)

On March 18, 2019, Plaintiff filed the Motion to Amend. (ECF No. 27.) Judge

Tafoya reviewed Defendants' Motion to Dismiss and Plaintiff's Motion to Amend, and

issued her Recommendation on May 3, 2019. (ECF No. 46.) On May 13, 2019,

Plaintiff filed her Motion for Time Extension. (ECF No. 48.) On May 22, 2019, Plaintiff

filed an Objection to the Recommendation. (ECF No. 49.)

### III. MOTION TO DISMISS

In the Recommendation, Judge Tafoya recommended that Defendants' Motion

to Dismiss be granted. (ECF No. 46 at 16.) In her Objection, Plaintiff disputes various

portions of the Recommendation. (ECF No. 49.) The Court will address Judge

Tafoya's findings and Plaintiff's specific objections in turn.

### A.    Claims Against Leggitt

In the First Amended Complaint, Plaintiff brings claims against Leggitt for violations of the ADA, the ADEA, and Title VII.  (ECF No. 4 at 2.)  While it appears that Plaintiff is bringing claims against Leggitt in her individual capacity, this is not explicitly set forth in Plaintiff's First Amended Complaint (or elsewhere in the record).  (*See* ECF No. 4.)  In the Recommendation, Judge Tafoya construed Plaintiff's claims against Leggitt as being asserted against her in her individual capacity, and not her official capacity.  (ECF No. 46 at 6–7.)  Plaintiff did not object to this finding.  (ECF No. 49 at 6–7.)  Therefore, the Court construes Plaintiff's claims against Leggitt as individual capacity claims.

In the Recommendation, Judge Tafoya discussed how the ADA, the ADEA, and Title VII "do not provide for individual liability."  (ECF No. 46 at 6–7.)  As a result, Judge Tafoya recommended that Plaintiff's claims against Leggitt in her individual capacity be dismissed.  (*Id.*)

In the Objection, Plaintiff states that she "understands that Walmart, Inc[.] is in fact the ultimate liable entity," but argues that "[a]ny discussion regarding dismissal of claim[s] against Jonna Leggitt in her individual capacity is premature as she is manager, not supervisor."  (ECF No. 49 at 7.)

Title VII, the ADA, and the ADEA preclude personal capacity suits against individual supervisory employees, as they are not considered "employers" under the respective statues.  *See, e.g.*, *Haynes v. Williams*, 88 F.3d 898, 899–901 (10th Cir. 1996); *Butler v. City of Prairie Vill.*, 172 F.3d 736, 744 (10th Cir. 1999) (collecting cases); *L'Ggrke v. Asset Plus Corp.*, 2013 WL 3973330, at *4–5 (N.D. Okla. July 31, 2013) (collecting cases).  Plaintiff sets forth no facts in her First Amended Complaint (or

in any other filing before the Court) which could support a conclusion that Leggitt is an "employer" under Title VII, the ADA, or the ADEA. (*See* ECF No. 4.) More specifically, there are no facts indicating that Leggitt "*personally employs* at least 15 people—the statutory requirements under Title VII and the ADA—or 20 people in an industry that affects commerce—required for the ADEA." *L'Ggrke*, 2013 WL 3973330, at *5 (N.D. Okla. July 31, 2013) (emphasis added) (citing 42 U.S.C. § 2000e(b) (Title VII); 42 U.S.C. § 12111(5)(A) (ADA); 29 U.S.C. § 630(b) (ADEA)). Rather, Plaintiff merely alleges in her Objection that Leggitt is not a "supervisor" but a "manager." (ECF No. 49 at 6–7.) This is not enough for the Court to consider Leggitt an "employer" under Title VII, the ADA, or the ADEA—nor does the record provide the Court with any reason to predict that Plaintiff *could* successfully make such a showing.

As a result, Plaintiff's individual capacity claims against Leggitt will be dismissed with prejudice. *Cf. L'Ggrke*, 2013 WL 3973330, at *5 ("Given the numerous problems associated with [plaintiff's] Title VII, ADEA, and ADA claims against [plaintiff's supervisor] in his individual capacity, it appears that amendment would be futile with respect to these claims . . . . Accordingly, these claims are dismissed with prejudice as to [plaintiff's supervisor].")

**B.     Timeliness of the Charge**

    1.     <u>300-Day Requirement</u>

"In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful [employment] practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice . . . . A claim is time barred if it is not filed within th[is] time

limit[ ]." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (explaining timing requirements established by 42 U.S.C. § 2000e-5(e)(1)).  Colorado has established an "entity with the authority to grant or seek relief"—namely, the Colorado Civil Rights Division—therefore employees in Colorado are subject to this 300-day time limit.  *See, e.g.*, *Castaldo v. Denver Pub. Sch.*, 276 F. App'x 839, 841 (10th Cir. 2008).

      2.    <u>Wrongful Termination Claim</u>

The Recommendation discussed how Plaintiff "premises her age-based termination claim on her April 3, 2016 termination from Walmart" and "filed her EEOC Charge on March 20, 2017, which was 351 days after her termination."  (ECF No. 46 at 9.)  Judge Tafoya then concluded that "[b]ecause Plaintiff filed her charge over 300 days after the adverse employment action, Plaintiff's ADEA termination claim is time barred . . . and should be dismissed."  (*Id.*)

In the Objection, Plaintiff does not dispute that her Charge was untimely in regard to her wrongful termination claim.  (ECF No. 49 at 7–11.)  Indeed, in addressing "why [she] had waited so long to file the EEOC claim," Plaintiff explains that "she was not even aware that such an organization existed, she had never planned on being fired, she had never thought there would be a need to file a claim against anyone," and she was "[u]naware of deadlines."  (*Id*. at 8.)

The Court finds Plaintiff's arguments to be wholly without merit.  Since it is undisputed that Plaintiff failed to file her Charge with the EEOC within 300 days of the alleged unlawful employment practice (*i.e.*, her April 3, 2016 termination), her age-based wrongful termination claim (ECF No. 4 at 3) is time barred.  *See Morgan*, 536 U.S. at 109.  As a result, the Court will dismiss the claim with prejudice.  *Cf. Walker v.*

*United Parcel Serv., Inc.*, 240 F.3d 1268, 1271 (10th Cir. 2001) ("Despite that 'without prejudice' label [affixed by the district court to a dismissal for failure to timely exhaust], in real world terms the dismissal was *with* prejudice because any attempt by [the plaintiff] to refile her claims [with the EEOC] after the district court's order was issued would be out of time." (citation omitted) (emphasis in original)).

## C.     Scope of the Charge

### 1.     Notice of the Alleged Violation

Title VII, the ADA, and the ADEA require a plaintiff to exhaust her administrative remedies before filing suit. *Jones v. Needham*, 856 F.3d 1284, 1289 (10th Cir. 2017) (Title VII); *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) (ADA); *Martinez v. Target Corp.*, 384 F. App'x 840, 845 (10th Cir. 2010) (ADEA). "The purpose of administrative exhaustion is two-fold: 1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim." *Needham*, 856 F.3d 1284, 1290 (10th Cir. 2017) (internal quotation marks omitted). "Given these goals, the charge document must contain the general facts concerning the discriminatory actions later alleged in the legal claim." *Id*. Therefore, "a plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id*. (internal quotation marks omitted).

### 2.     ADA Claims

In the Recommendation, Judge Tafoya observed that although Plaintiff "checked the box for disability discrimination on her EEOC charge, she alleged no facts whatsoever that related to a disability-based claim *in her charge*." (ECF No. 46 at 10

10

(emphasis added); *see also* ECF No. 4 at 10.)  In particular, Judge Tafoya noted that

> the text of the charge does not mention any disability or any facts related to requesting and being denied a reasonable accommodation pursuant to the ADA.  Instead, Plaintiff's charge only asserts facts relating to an age-based claim, specifically that she was discharged and not rehired in contrast to a younger individual who was discharged and rehired.

(ECF No. 46 at 10.)  Therefore, Judge Tafoya found than even a liberal construction of the allegations contained in Plaintiff's Charge "would not prompt an investigation in a disability-related claim." (*Id*.)  For these reasons, Judge Tafoya determined that Plaintiff had failed to exhaust her administrative remedies with respect to her ADA claims, and thus recommended that such claims be dismissed.  (*Id*.)

Even after a liberal and thorough reading of the Objection, the Court cannot locate any argument disputing Judge Tafoya's findings in regard to this claim.  (*See* ECF No. 49 at 7–12; *see generally* ECF No. 49.)   As a result, the Court reviews Judge Tafoya's rulings on Plaintiff's ADA claims for clear error.  *See 2121 East 30th St.*, 73 F.3d at 1060 ("[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for *de novo* review by the district court") (emphasis added).

The Court finds that Judge Tafoya's analysis was thorough and sound, and that there is no clear error on the face of the record.  *See Bertolo v. Benezee*, 2013 WL 1189508 (D. Colo. Mar. 22, 2013) (district court reviewing for clear error where no specific objections were made to a recommendation), *aff'd*, 601 F. App'x 636 (10th Cir. 2015).  Indeed, the Charge contains only a single allegation that concerns a disability—namely, Plaintiff asserted: "I believe I have been discriminated against . . .

because of a disability." (ECF No. 4 at 10.) This lone conclusory allegation is certainly not enough as "the charge must contain facts concerning the discriminatory . . . actions underlying each claim." *U.P.S., Inc.*, 502 F.3d at 1186. Since the Charge is completely devoid of any facts pertaining to discriminatory action based on Plaintiff's disability, the Court will dismiss without prejudice Plaintiff's claims brought pursuant to the ADA. *See Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1166 (10th Cir. 2018) ("Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be without prejudice.").

      3.   <u>Retaliation</u>

In the Recommendation, Judge Tafoya discussed how the "failure to mark a particular box [on an EEOC charge] creates a presumption that the charging party is not asserting claims represented by that box. The presumption may be rebutted, however, if the text of the charge clearly sets forth the basis of the claim." *U.P.S.*, 502 F.3d at 1186 (internal citation omitted). (ECF No. 46 at 10.) In applying this framework to Plaintiff's retaliation claim, the Recommendation observed that "Plaintiff did not check the box on her EEOC charge indicating that she had experienced any kind of retaliation" and that "the text of Plaintiff's charge does not include any factual basis for Plaintiff's retaliation claim." (ECF No. 46 at 10.) As a result, Judge Tafoya determined that Plaintiff had failed to exhaust administrative remedies with respect to her retaliation claim, and therefore recommended that the claim also be dismissed. (*Id.*)

Even reading the Objection liberally, however, the Court can only discern one sentence addressing Judge Tafoya's recommendation in regard to this claim. (*See* ECF No. 49 at 7–12; *see generally* ECF No. 49.) Plaintiff argues that "[s]uggesting any

part of this [case] should be dismissed because of boxes marked or not marked . . .

creates an unjust perspective." (*Id*. at 8.) The Court finds this argument to be without

merit. Even if the Court overlooked Plaintiff's failure to mark the "retaliation" box on her

Charge, it is clear that this claim must be dismissed as the text of the Charge does not

contain a single fact concerning any retaliatory actions. (*See* ECF No. 4 at 10.) *See*

*also U.P.S., Inc.*, 502 F.3d at 1186 ("[T]he charge must contain facts concerning the . . .

retaliatory actions underlying each claim."). As a result, the Court will also dismiss

Plaintiff's retaliation claim without prejudice. *See Smith*, 904 F.3d at 1166.

    4.   <u>Failure to Promote</u>

       The Recommendation found that Plaintiff included "no allegations in her EEOC

charge related to a discriminatory failure to promote," instead her "charge focuse[d] on

her termination and reapplications to Walmart." (ECF No. 46 at 11.) In addition, the

Recommendation noted that "Plaintiff did not amend her charge or file a second charge

to include allegations that she was denied a promotion." (*Id*. (citing 29 C.F.R.

§ 1601.12(b) ("A charge may be amended to cure technical defects or omissions,

including failure to verify the charge, or to clarify and amplify allegations made therein.

Such amendments and amendments alleging additional acts which constitute unlawful

employment practices related to or growing out of the subject matter of the original

charge will relate back to the date the charge was first received.").) Based on the

foregoing, Judge Tafoya determined that Plaintiff had failed to exhaust administrative

remedies with regard to her failure to promote claim, and thus recommended that the

claim be dismissed. (*Id*.)

       In the Objection, Plaintiff only addresses Judge Tafoya's findings regarding how

Plaintiff did not amend the Charge. (ECF No. 49 at 11.) In particular, Plaintiff discusses how she

> was unaware than an EEOC claim could even be amended. There was no discussion with anyone from EEOC. It was posted on "status of claim" that claimants are NOT to contact their investigators as that could slow down the claims process. This is the real world that the Plaintiff is living in, not the sheltered world of Fed Rule number whatever.

(*Id.*)

The Court finds Plaintiff's arguments to be unpersuasive. Indeed, her arguments fail to address the crux of Judge Tafoya's findings in regard to this claim—namely, that the Charge was completely devoid of any factual allegations regarding a discriminatory failure to promote. As a result, the Court reviews that portion of the Recommendation for clear error, and finds none. *See 2121 East 30th St.*, 73 F.3d at 1060; *Bertolo*, 2013 WL 1189508, at *1. As a result, the Court will also dismiss Plaintiff's failure to promote claim without prejudice. *See Smith*, 904 F.3d at 1166.

### 5. Failure to Rehire

In the Recommendation, Judge Tafoya found that "Plaintiff properly exhausted her failure-to-rehire claims beginning on July 3, 2016." (ECF No. 46 at 11.) Neither party disputes this finding. (ECF No. 49 at 8; ECF No. 50 at 10.) As a result—and because the Court has determined that all other claims brought by Plaintiff should be dismissed—the only remaining claim before the Court is Plaintiff's age-based failure to rehire claim.[3] (ECF No. 4 at 5.)

---

[3] In the Recommendation, Judge Tafoya found that "[e]ven if the court were to hold that Plaintiff exhausted her disability-based failure-to-rehire claim merely by checking the 'disability'

**D.      Failure to Rehire Based on Age**

1.      Legal Standard

The ADEA provides a remedy for discrimination in private employment on the basis of age.  *See* 29 U.S.C. § 623(a)(1).  "The protective provisions of the ADEA, however, are 'limited to individuals who are at least 40 years of age.'"  *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 557 (10th Cir. 1996) (quoting 29 U.S.C. § 631).  Thus, the ADEA "bans discrimination against employees because of their age, but limits the protected class to those who are 40 or older."  *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996).

"[T]o succeed on a claim of age discrimination, a plaintiff must prove by a preponderance of the evidence that her employer would not have taken the challenged action but for the plaintiff's age."  *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1277 (10th Cir. 2010) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009)).  This "causal standard does not require[ ] [plaintiffs] to show that age was the sole motivating factor in the employment decision.  Instead, an employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as age was the factor that made a difference."  *Id*. (internal quotation marks and citation omitted) (alterations in original).

Under Tenth Circuit precedent, "an ADEA plaintiff may proceed by either of two

box on her EEOC charge of discrimination, Plaintiff fails to plead adequate facts" in her First Amended Complaint to sustain the claim under Rule 12(b)(6).  (ECF No. 46 at 13.)  Judge Tafoya then went on to discuss how Plaintiff failed to allege sufficient facts to support her disability-based failure to rehire claim.  (*Id*. at 14–15.)  Since the Court has determined that Plaintiff failed to exhaust administrative remedies with respect to all of her ADA claims, the Court need not address Judge Tafoya's findings or Plaintiff's objections regarding whether her disability-based failure to rehire claim is sufficient for Rule 12(b)(6) purposes.

general methods to carry the burden of making her or his case." *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 557 (10th Cir. 1996). Namely, a "party may attempt to meet his burden directly, by presenting direct or circumstantial evidence that age was a determining factor in [the adverse employment action]. Or, more typically, a party may rely on the proof scheme for a prima facie case established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Greene*, 98 F.3d at 557.

Since Plaintiff offers no direct or circumstantial evidence that age was a determining factor in Walmart's decision not to rehire her, the burden-shifting framework of *McDonnell Douglas* governs her claims. *Id*. The *McDonnell Douglas* framework involves a three-step analysis. *See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). At the outset, "the plaintiff must prove a prima facie case of discrimination." *Id*. To establish a *prima facie* case of age discrimination under a failure-to-hire theory, Plaintiff must show that (1) she belongs to the protected class; (2) that she applied for and was qualified for the job; (3) despite her qualifications she was rejected; and (4) Walmart either ultimately filled the position with someone sufficiently younger to permit an inference of age discrimination or continued to seek applicants from among those having Plaintiff's qualifications. *Lewis v. McDonnell Douglas Corp.*, 77 F.3d 492 (table), 1996 WL 77038, at *3 (10th Cir. 1996). (*See also* ECF No. 46 at 12–13.)

However, "'an employment discrimination plaintiff need not plead a prima facie case of discrimination' to survive a motion to dismiss." *Johnston v. Hunter Douglas Window Fashions, Inc.*, 715 F. App'x 827, 830 (10th Cir. 2017) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002)). "But she must allege facts that make such a

16

claim at least plausible." *Morman v. Campbell Cty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015). In assessing whether a plaintiff's claim is plausible, courts must "examine the first step of the *McDonnell Douglas* framework: the elements [a plaintiff] would need to establish to prove a prima-facie case of . . . discrimination." *Id.*

2. <u>Analysis</u>

In the Recommendation, Judge Tafoya analyzed the elements Plaintiff would need to establish to prove a *prima facia* case of age discrimination under a failure to hire theory. (ECF No. 46 at 13.) Judge Tafoya found that Plaintiff had adequately alleged that she belongs to the protected class because she was 63 years old as of the filing of the Charge. (*Id.*; *see also* ECF No. 4 at 10.) In analyzing the other elements to a *prima facia* case of age discrimination under a failure to hire theory, Judge Tafoya made the following findings:

> Plaintiff asserts no facts to show she was qualified for any job for which she applied, or that Walmart was even seeking applicants for the positions for which she applied. Although Plaintiff alleges Walmart hired "less experienced/less qualified" individuals, these assertions are conclusory and provide no basis for the court to ascertain Plaintiff's own qualifications as compared to the referenced individuals. Moreover, Plaintiff does not allege facts to show Walmart hired younger individuals for the specific positions for which she applied, or continued to seek applications from equally-qualified persons following Plaintiff's rejections. Overall, Plaintiff alleges no facts to show that age was a determinative factor—or any factor—in Walmart's decision not to rehire her.

(ECF No. 46 at 13.) *See also Lewis*, 1996 WL 77038, at *3. Thus, Judge Tafoya found that even pursuant to a liberal construction of the First Amended Complaint, Plaintiff failed to state a claim as to her age-based failure to rehire claim. (ECF No. 46 at 13.)

17

As a result, Judge Tafoya recommended that the claim be dismissed. (*Id*.)

In the Objection, Plaintiff appears to dispute Judge Tafoya's findings by making various factual allegations. For instance, Plaintiff appears to argue that she was qualified for certain jobs because she had trained her supervisor, she was an excellent and very knowledgeable employee, she went to great lengths in providing customer service, she was a well-liked employee, she was often asked to "hop on a register," she was authorized to handle money, she was trusted with the keys to various departments, and so on. (ECF No. 49 at 8, 10; *see also id*. at 12–14.)

In sum, Plaintiff attempts to cure her pleading deficiencies in regard to her age-based failure to rehire claim by making additional factual allegations in the Objection. (*See generally* ECF No. 49.) However, an objection to a recommendation cannot be used as an instrument to remedy pleading deficiencies. *See, e.g.*, *Wojdacz v. Presbyterian St. Lukes' Med. Ctr.*, 2017 WL 631679, at *4 (D. Colo. Feb. 16, 2017) ("Whether these are new factual allegations, or an embellishment of facts that were presented to [the Magistrate Judge], the Court is unaware of any precedent, nor does Plaintiff point the Court to any relevant authority, that allows Plaintiff to 'sandbag' the Magistrate Judge by failing to provide sufficient facts the first go around, and then objecting on the basis of failure to consider those facts not previously presented."); *cf. Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d 1227, 1230 (D. Colo. 2010) ("Plaintiffs cannot rectify their pleading deficiencies by asserting new facts in an opposition to a motion to dismiss."); *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). As a result, the Court will not consider the newly raised factual

18

allegations contained in Plaintiff's Objection.

While a complaint need not set forth exhaustive factual allegations, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555.

Based on these standards, Plaintiff's age-based failure to rehire claim is insufficient for Fed. R. Civ. P. 12(b)(6) purposes. *See id*. Plaintiff fails to allege any facts that show that (1) she was qualified for the positions she applied to; (2) Walmart was seeking applicants for those positions; (3) Walmart ultimately hired younger individuals for those positions; (4) Walmart continued to seek applicants from among those having Plaintiff's qualifications; or (5) her age played any role whatsoever in Walmart's decision not to hire her. (*See* ECF No. 4 at 4–5.) *See also Lewis*, 1996 WL 77038, at *3; *Jones*, 617 F.3d at 1277. Rather, the scarce allegations in Plaintiff's First Amended Complaint concerning this claim are conclusory and unsupported by allegations of fact, and are therefore insufficient to sustain the claim under Rule 12(b)(6). Accordingly, the Court will also dismiss without prejudice Plaintiff's age-based failure to hire claim.

E.     **Summary of Section III for the *Pro Se* Plaintiff**

In this Order, the Court has determined that Plaintiff's individual capacity claims

against Leggitt should be dismissed with prejudice because Title VII, the ADA, and the ADEA preclude personal capacity suits against individual supervisory employees. In addition, the Court will dismiss with prejudice Plaintiff's age-based wrongful termination claim because Plaintiff failed to file her Charge with the EEOC within 300 days of the alleged unlawful employment practice. The Court will also dismiss without prejudice Plaintiff's retaliation claim, failure to promote claim, and claims brought pursuant to the ADA as a result of Plaintiff's failure to exhaust her administrative remedies prior to filing this action. Moreover, the Court will dismiss without prejudice Plaintiff's age-based failure to hire claim as it is insufficient for Rule 12(b)(6) purposes.

In sum, the Court will dismiss all of Plaintiff's claims against the Defendants. Accordingly, the Court will adopt the Recommendation on Defendants' Motion to Dismiss. As a result, the Court will deny as moot Plaintiff's Motion for Time Extension.

## IV. MOTION TO AMEND

### A.    Standard for Amending the Complaint

Under Rule 15(a)(2), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion" of the Court, but an "outright refusal to grant the leave without any justifying reason" is an abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or *futility of amendment*." *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993) (emphasis added). Proposed amendments are futile when the amended complaint "would be subject to

20

dismissal for any reason." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

**B.      Plaintiff's Motion to Amend**

On March 18, 2019, Plaintiff filed her Motion to Amend. (ECF No. 27.) Attached to the motion was Plaintiff's proposed Second Amended Complaint, which is nearly identical to the operative complaint. (*Compare* ECF No. 27-1, *with* ECF No. 4.) The proposed Second Amended Complaint contained approximately seven new additions, such as handwritten annotations that added a title to a section, noted that the document was an "amended complaint," and included Plaintiff's signature and the date. (ECF No. 27-1.) The only change that could arguably be considered quasi-substantive was Plaintiff's alteration to the "other" box for her wrongful termination claim, wherein she changed her annotation from "family leave absence denied" to "policy change, family leave absence," and noted that she would provide "details . . . with further investigation & discovery." (*Compare* ECF No. 27-1 at 3, *with* ECF No. 4 at 3.)

Plaintiff also attached two new exhibits to the proposed Second Amended Complaint. (ECF No. 27-2.) The first new exhibit contained two e-mails (each three sentences in length) from Plaintiff to "james@justfreestuff.com," wherein Plaintiff discusses setting up a meeting. (*Id*. at 1.) The other exhibit is labeled as a "copy of last page of original complaint." (*Id*. at 3; *see also* ECF No. 1 at 6.)

**C.      Analysis**

In the Recommendation, Judge Tafoya found that the Motion to Amend would

not cure the deficiencies in the First Amended Complaint and therefore recommended that the motion be denied. (*Id*. at 15.) In particular, Judge Tafoya found that "neither Plaintiff's addition that her termination resulted from a policy change nor her promise that details would be provided with further investigation and discovery cures the untimeliness of her age-based termination claim." (*Id*.) Moreover, Judge Tafoya determined that "the newly attached documents (*i.e.*, e-mails sent to 'james@justfreestuff.com' and the last page of Plaintiff's original complaint) do not cure the issues plaguing Plaintiff's [First] Amended Complaint, including her untimeliness, failure to exhaust, or failure to adequately plead claims." (*Id*.) As a result, Judge Tafoya recommended that Plaintiff's Motion to Amend be denied on grounds of futility since the proposed Second Amended Complaint would likewise be subject to dismissal. (*Id*. at 15–16.)

In the Objection, Plaintiff conveys her "[a]pologies for the lame attempt at amending complaints to this point," and discusses how "[s]he understands that the court considers her Complaints inadequate." (ECF No. 49 at 5, 16.) Nonetheless, Plaintiff hopes that "the information and offers of evidence contained in [the Objection] help to fill that void . . . [and] cure deficiencies in her Complaint and allow the case to proceed in the interest of justice." (*Id*. at 16–17.)

It is clear that Plaintiff's proposed Second Amended Complaint would not cure the deficiencies contained in the First Amended Complaint as it contains nothing more than a few inconsequential handwritten annotations. (*See* ECF No. 27-1.) Indeed, Plaintiff does not dispute this finding, but instead attempts to cure her pleading deficiencies by asserting new facts in her Objection. This is clearly not an appropriate

use of an objection to a Magistrate Judge's recommendation. As previously noted by the Court, "Plaintiffs cannot rectify their pleading deficiencies by asserting new facts in an opposition to a motion to dismiss." *Smith*, 694 F. Supp. 2d at 1230. If Plaintiff could not cure her pleading deficiencies by alleging new facts at the motion to dismiss stage, she most certainly cannot now. As a result of the foregoing, the Court will deny Plaintiff's Motion to Amend by way of filing her Second Amended Complaint in its current form.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation (ECF No. 46) is ADOPTED in its entirety;

2. Plaintiff's Objection (ECF No. 49) is OVERRULED;

3. Defendants' Motion to Dismiss (ECF No. 13) is GRANTED;

4. Plaintiff's Motion to Amend (ECF No. 27) is DENIED;

5. Plaintiff's claims against Defendant Leggitt (ECF No. 4) are DISMISSED WITH PREJUDICE;

6. Plaintiff's wrongful termination claim against Defendant Walmart (ECF No. 4 at 3) is DISMISSED WITH PREJUDICE;

7. All other claims brought by Plaintiff against Defendant Walmart (ECF No. 4 at 5) are DISMISSED WITHOUT PREJUDICE;

8. Plaintiff's Motion for Time Extension (ECF No. 48) is DENIED AS MOOT;

9. The Clerk of the Court and parties shall amend the caption of this case to reflect the DISMISSAL of Defendant Leggitt;

10.   Solely in the interest of justice, the Court *sua sponte* grants Plaintiff leave to file a Motion for Leave to File a revised Second Amended Complaint no later than **September 18, 2019**.  Such a Motion must have attached to it Plaintiff's proposed, revised Second Amended Complaint.  Plaintiff is on notice that if her proposed revised Second Amended Complaint does not cure the pleading deficiencies discussed in this Order, her Motion will be denied in whole or in part. The Plaintiff is further on notice that the Court will not consider a request in such a Motion to amend her claims against Defendant Leggitt, or to amend her wrongful termination claim against Defendant Walmart, as those claims have been dismissed with prejudice by the terms of this Order; and

11.   If Plaintiff does not file such a Motion by **September 18, 2019**, the Clerk shall enter judgment in favor of Defendants and terminate this case.

Dated this 20th day of August, 2019.

BY THE COURT:

William J. Martínez
United States District Judge