IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-3162-WJM-KMT

MARY LEE KAHLER,

    Plaintiff,

v.

WALMART INC.,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A REVISED SECOND AMENDED EMPLOYMENT DISCRIMINATION COMPLAINT

This matter is before the Court on Plaintiff Mary Lee Kahler's "Motion for Leave to File a Revised Second Amended Employment Discrimination Complaint" (the "Motion"). (ECF No. 64.) Plaintiff separately submitted signed copies of her Motion and the underlying complaint. (ECF No. 65.) Defendant Walmart Inc. ("Walmart") opposes amendment. (ECF No. 66.) For the reasons discussed below, the Court denies Plaintiff's Motion, and grants judgment in favor of Walmart.

## I. BACKGROUND

Plaintiff filed this litigation in December 2018 alleging several employment discrimination claims against Walmart. (ECF No. 1.) Walmart and former defendant Jonna Leggitt moved to dismiss. (ECF No. 13.) Plaintiff then filed a "Request for Amended Employment Discrimination Complaint" ("Motion to Amend"). (ECF No. 27.) Both the Motion to Dismiss and Motion to Amend were reviewed by United States Magistrate Judge Kathleen M. Tafoya. In her May 3, 2019 Recommendation

("Recommendation"), Judge Tafoya recommended that the Motion to Dismiss be granted and the Motion to Amend be denied. (ECF No. 46.) Plaintiff filed an Objection to the Recommendation. (ECF No. 49.)

On August 20, 2019, the undersigned issued an Order adopting the Recommendation over Plaintiff's Objection. (ECF No. 51.) The Court dismissed Plaintiff's wrongful termination age-discrimination claim against Walmart with prejudice and all other claims against Walmart without prejudice. (*Id.* at 23.) The Court also granted Plaintiff leave to move to file a second amended complaint "no later than **September 18, 2019**" and informed Plaintiff that if she failed to file such a motion by that date, the Clerk would "enter judgment in favor of Defendants and terminate this case." (*Id.* at 24 (boldface in original).) The Court also advised Plaintiff that "if her proposed revised Second Amended Complaint does not cure the pleading deficiencies discussed in this Order, her Motion will be denied in whole or in part." (*Id.*)

On September 4, 2019, the Court granted Plaintiff's Motion for Appointment of Counsel, and extended Plaintiff's deadline to move for leave to file a revised second amended complaint until November 15, 2019. (ECF No. 54 at 2.) The Court warned, however, that it would not consider a request to amend claims against former defendant Leggitt or to assert her age-discrimination wrongful termination claim against Walmart.

Plaintiff timely filed the Motion on November 15, 2019. (ECF No. 65.) Plaintiff's proposed amended complaint ("proposed complaint") states six claims for relief: (1) an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, for failure to rehire as a "fitting room/apparel associate"; (2) a

disability discrimination claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, for failure to rehire as a "fitting room/apparel associate"; (3) retaliatory failure to rehire in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); (4) an ADEA and ADA discrimination claim for failure to hire or rehire as a "greeter, jewelry, toy, or shoe department associate" after her termination; (5) a claim that Walmart intentionally changed its attendance policy and terms of employment, which "became detrimental to the Plaintiff's job security and therefore her financial well-being"; and (6) wrongful termination.

Walmart contends Plaintiff's proposed complaint is futile because Claims 2, 3, 4, and 5 are barred by Plaintiff's failure to exhaust her administrative remedies; Claims 1 and 4 are barred by Plaintiff's failure to file a timely Charge of Discrimination; Plaintiff fails to allege facts sufficient to support her ADEA claims (Claims 1 and 4) or ADA claims (Claims 2 and 4); and Plaintiff fails to state a claim under Claims 5 and 6. (ECF No. 66.)

## II. LEGAL STANDARD

Rule 15(a) allows a party to amend a pleading as a matter of course within 21 days of service or, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule charges the court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave may be denied if the amendment is unduly delayed or futile. *United States v. Burbage*, 280 F. App'x 777, 782 (10th Cir. 2008). Proposed amendments are futile when the amended complaint "would be subject to dismissal for any reason." *Watson ex rel. Watson v.*

*Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

### III. ANALYSIS

#### A. Failure to Exhaust Administrative Remedies (Claims 2, 3 & 4)

As discussed in the Court's prior Order, the ADEA, ADA, and Title VII require a plaintiff to exhaust administrative remedies with the Equal Employment Opportunity Commission ("EEOC") before filing suit. *Jones v. Needham*, 856 F.3d 1284, 1289 (10th Cir. 2017) (Title VII); *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) (ADA); *Martinez v. Target Corp.*, 384 F. App'x 840, 845 (10th Cir. 2010) (ADEA). "The purpose of administrative exhaustion is two-fold: 1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim." *Needham*, 856 F.3d 1284, 1290 (10th Cir. 2017) (internal quotation marks omitted). Thus, the charge of discrimination submitted to the EEOC must contain general facts about the discrimination which gives rise to the legal claim, and a claim in federal court is limited by the scope of the administrative investigation that can reasonably be expected to follow the charge. *Id.*

The Court previously dismissed Plaintiff's ADA claims and retaliation claims for failure to exhaust administrative remedies prior to filing this action. (ECF No. 51 at 20.) The proposed complaint does not suggest that Plaintiff has now exhausted her administrative remedies by filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's ADA claims and retaliation

4

claims in her proposed complaint, namely Claim 2, Claim 3, and the ADA-portion of Claim 4, would again be subject to dismissal for failure to exhaust. Because Plaintiff has failed to include additional facts showing that she has now exhausted her administrative remedies for her ADA and retaliation claims, the Court finds that amendment would be futile as to those claims. Accordingly, the Court denies Plaintiff's Motion with respect to those claims.

**B.     Failure to State a Claim**

   1.     <u>ADEA (Claims 1 & 4)</u>

As discussed in the prior Order, Plaintiff properly exhausted her age-based failure to rehire claim, but failed to allege facts sufficient to state such a claim. (ECF No. 51 at 14, 18.) The Court noted that "Plaintiff attempts to cure her pleading deficiencies . . . by making additional factual allegations in the Objection" to the Recommendation, an inappropriate tool for curing pleading deficiencies. (*Id.* at 18.) The Court found that Plaintiff had failed to allege facts to show that she was qualified for the positions, that Walmart was seeking applicants for those positions, that Walmart hired younger individuals, that Walmart continued to seek applications from those with Plaintiff's qualifications, or that age played any role whatsoever in Walmart's decision not to rehire Plaintiff. (*Id.* at 19.) However, because it was apparent from the Objection that Plaintiff might be able to allege additional facts to plead a plausible claim, the Court dismissed the claim without prejudice.

Plaintiff now brings two separate age discrimination claims based on Walmart's alleged failure to rehire her as a "fitting room/apparel associate" (Claim 1) and/or as a "greeter, jewelry, toy, or shoe department associate" (Claim 4) from May 4, 2016 to

5

present. (ECF No. 64-1 at 4, 13.)[1]

"[T]o succeed on a claim of age discrimination, a plaintiff must prove by a preponderance of the evidence that her employer would not have taken the challenged action but for the plaintiff's age." *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1277 (10th Cir. 2010) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009)). An ADEA plaintiff may "rely on the proof scheme for a *prima facie* case established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 557 (10th Cir. 1996).

The *McDonnell Douglas* framework involves a three-step analysis. *See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). At the outset, "the plaintiff must prove a prima facie case of discrimination." *Id*. To establish a *prima facie* case of age discrimination under a failure-to-rehire theory, Plaintiff must show that (1) she belongs to the protected class; (2) that she applied for and was qualified for the job; (3) despite her qualifications she was rejected; and (4) Walmart either ultimately filled the position with someone sufficiently younger to permit an inference of age discrimination or continued to seek applicants from among those having Plaintiff's qualifications. *Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 982–83 (10th Cir. 2008); *Lewis v. McDonnell Douglas Corp.*, 77 F.3d 492 (table), 1996 WL 77038, at *3 (10th Cir. 1996).

Plaintiff's proposed complaint adds factual allegations that she was qualified for the positions to which she applied and that Walmart was actively looking to hire new

---

[1] Plaintiff also alleges an ADA failure to rehire claim as part of Claim 4. The Court will dismiss the ADA portion of Claim 4 for failure to exhaust administrative remedies.

6

employees.  (ECF No. 64-1 at 4–8.)  However, despite several opportunities to amend her complaint, Plaintiff still fails to include plausible factual allegations that younger, equally or less qualified applicants were hired into the vacant positions.  Plaintiff makes only two generic, conclusory allegations regarding the other applicants: (1) former colleagues told Plaintiff that "three girls had been hired after she was terminated who were younger and less qualified," and (2) "visual evidence of associates within her department who (without revealing actual identity) are substantially younger than [Plaintiff] at any time of [Plaintiff's] employment at Walmart."  (*Id.* at 6, 7.)  Plaintiff also suggests that photos of the associates are attached, but nothing is on file with the Court.  (*See id.*)

Even were the photos attached, Plaintiff's allegations are insufficient to plausibly allege an age discrimination claim.  Plaintiff does not identify the individuals hired for the open positions, their ages, or their qualifications (apart from the conclusory allegation that they were "less qualified").  The lack of such information in the proposed complaint is fatal to Plaintiff's ability to make a prima facie showing of age discrimination and, ultimately, her age discrimination claim.  The Court finds that Plaintiff has failed to state an ADEA failure to rehire claim, and thus amendment would be futile.  Accordingly, the Court denies Plaintiff's Motion with respect to Claim 1 and the ADEA-portion of Claim 4.

    2.    <u>Attendance Policy (Claim 5)</u>

Plaintiff alleges that Walmart "intentionally and knowingly changed their attendance policy and therefore terms of employment" in a manner detrimental Plaintiff's job security and financial well-being.  (ECF No. 64-1 at 13.)  Plaintiff does not

contend that Walmart's policy change was directed at her, or even that Walmart changed the policy for any prohibited purpose (*e.g.*, to discriminate against an employee or class of employees on the basis of a protected characteristic). As pled, Plaintiff fails to state a claim under the ADEA, ADA, Title VII, or any other law. The Court therefore denies as futile Plaintiff's Motion with respect to her attendance policy claim (Claim 5).

        3.      <u>Wrongful Discharge (Claim 6)</u>

Plaintiff previously brought a wrongful termination claim based on age discrimination. (ECF No. 4 at 3.) In its prior Order, the Court found that it was undisputed that "Plaintiff failed to file her Charge with the EEOC within 300 days" of her termination, and thus her "age-based wrongful termination claim . . . is time barred." (ECF No. 51 at 9.) The Court thus dismissed Plaintiff's wrongful termination claim with prejudice.

In her proposed complaint, the basis for Plaintiff's "wrongful discharge" claim is unclear. To the extent that her claim is premised on the ADEA, the Court has already dismissed that claim with prejudice (*see* ECF No. 51 at 9), and Plaintiff cannot amend her complaint to include such a claim. Perhaps, Plaintiff's wrongful discharge claim is based on the ADA or retaliation in violation of Title VII. In that case, Plaintiff's proposed complaint fails to allege facts from which the Court could conclude that Plaintiff filed a charge with the EEOC within the required timeframe. Thus, a claim premised on the ADA or Title VII would be subject to dismissal, and the amendment would be futile.

Finally, to the extent that Plaintiff attempts to assert a wrongful discharge claim under Colorado law, she has failed to do so. Absent an express contract providing

8

otherwise, Colorado law presumes that an employment relationship is terminable at will by either party. *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 105 (Colo. 1992). "[T]he United States Congress and the Colorado General Assembly have created exceptions to the employer's general right to terminate an employee at-will." *Crawford Rehab. Servs., Inc. v. Weissman*, 938 P.2d 540, 547 (Colo. 1997). Plaintiff has not raised a violation of any Colorado statute as a basis for her wrongful discharge claim, and the Court need not craft legal theories for the *pro se* Plaintiff. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In addition to statutory exceptions, Colorado common law provides that an employer may not terminate an at-will employee in violation of public policy. *Crawford*, 938 P.2d at 547. Plaintiff does not allege any facts to support a tort claim that she was wrongfully terminated in violation of public policy. Rather, Plaintiff simply claims that she was terminated "with unethical malice and forethought to the extreme detriment of" her self-esteem, financial well-being, emotional and mental health, and reputation. (ECF No. 64-1 at 14.) She does not state what public policy her termination violated, much less any facts to support that her termination breached public policy. As a result, Plaintiff's proposed complaint fails to assert a wrongful discharge claim, and thus amendment would be futile. The Court therefore denies Plaintiff's Motion with respect to the wrongful discharge claim (Claim 6).

## IV. SUMMARY FOR THE PRO SE PLAINTIFF

The Court has reviewed the proposed complaint and evaluated whether Plaintiff has stated sufficient facts to support each of her six claims. For the ADA and retaliation

9

claims (Claims 2, 3 & 4), Plaintiff did not file an EEOC charge in the required timeframe. Thus, those claims cannot go forward. For the ADEA claims (Claims 1 & 4), Plaintiff has not provided enough information about the other people hired by Walmart, even though the Court provided Plaintiff an opportunity to add such information. Because Plaintiff has not provided enough information about the age discrimination, her age discrimination claims cannot go forward. For the change of policy claim (Claim 5), Plaintiff has not identified any law that would prohibit Walmart from making a change to its attendance policy. For the wrongful termination claim (Claim 6), the Court already dismissed with prejudice a wrongful termination claim based on age, so Plaintiff cannot attempt to bring that claim again. For wrongful termination due to disability or retaliation, Plaintiff has not shown that she filed an EEOC charge in a timely fashion. And as for wrongful termination in violation of other federal law or Colorado law, Plaintiff has not stated sufficient facts to plausibly allege that her termination violated any law or public policy.

The Court gave Plaintiff an opportunity to allege additional facts to support her claims, something which she has failed to do. Plaintiff's lawsuit will therefore be dismissed in its entirety.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff Mary Lee Kahler's Motion for Leave to File a Revised Second Amended Employment Discrimination Complaint (ECF No. 64) is DENIED;

2. All of Plaintiff's claims in his case were dismissed on August 20, 2019 (ECF No. 51). As a consequence, the Clerk shall enter judgment for Defendant, and shall

terminate this case; and

3. Defendant shall have its costs upon compliance with D.C.COLO.LCivR 54.1.

Dated this 10th day of January, 2020.

BY THE COURT:

_____
William J. Martínez
United States District Judge