IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-3162

MARY LEE KAHLER,

    Plaintiff,

v.

WALMART INC.,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE, RULE 59 MOTION, AND MOTION FOR APPOINTMENT OF COUNSEL**

---

This matter is before the Court on Plaintiff Mary Lee Kahler's Motion to Reopen Case for the Purpose of Permitting Plaintiff Her Right to a Jury Trial ("Motion to Reopen") (ECF No. 79), Rule 59 Motion for Post Trial Relief ("Rule 59 Motion") (ECF No. 81), and Motion for Appointment of Counsel (ECF No. 91).  For the reasons set forth below, Plaintiff's Motion to Reopen and Rule 59 Motion are denied, and Plaintiff's Motion for Appointment of Counsel is denied as moot.

## I. BACKGROUND

Plaintiff is proceeding *pro se*.  On January 7, 2019, Plaintiff filed her operative complaint in this matter against Defendants Walmart Inc. and Jonna Leggitt, asserting various employment discrimination claims.  (ECF No. 4.)

On February 14, 2019, Defendants filed a Motion to Dismiss.  (ECF No. 13.)  On May 3, 2019, U.S. Magistrate Judge Kathleen M. Tafoya entered a Recommendation that Defendants' Motion to Dismiss be granted on the basis that Plaintiff had failed to

administratively exhaust her claims. (ECF No. 46.) On August 20, 2019, the Court entered an Order adopting the Magistrate Judge's Recommendation, dismissing Plaintiff's claims against Leggitt with prejudice, and dismissing Plaintiff's claims against Walmart, one with prejudice and the others without. (ECF No. 51.) The Court granted Plaintiff leave to file a motion for leave to file another amended complaint. (*Id.*) Plaintiff did not do so, and pursuant to the Court's Order, the Clerk entered final judgment in favor of Defendants and against Plaintiff on January 10, 2020. (ECF No. 72.)

On January 24, 2020, Plaintiff filed her Motion to Reopen (ECF No. 79) and Rule 59 Motion (ECF No. 81). On February 14, 2020, Defendants filed their Response (ECF No. 82), and on February 28, 2020 Plaintiff filed her Reply (ECF No. 83).

On April 13, 2020, Plaintiff filed her Motion for Appointment of Counsel. (ECF No. 91.) On May 4, 2020, Defendants filed their Response (ECF No. 93), and on May 18, 2020, Plaintiff filed her Reply (ECF No. 94).

## II. ANALYSIS

### A. Motion to Reopen

In her Motion to Reopen, Plaintiff "alleges the Court's [judgment] was premature and lacking substantial relevant evidence to make a fair and just determination in her case and therefore requests the Court reopen this case for the purpose of granting the Plaintiff her right to a jury trial pursuant to [Federal Rule of Civil Procedure] 38." (ECF No. 79.)

First, as explained above, the Court has already granted Defendants' Motion to Dismiss brought under Rule 12(b)(6) and dismissed Plaintiff's claims. Plaintiff does not

have a Seventh Amendment right (much less a right under Rule 38) to a jury trial in this case because she has failed to state a plausible claim for relief.  *See Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997) ("The district court's dismissal of [the plaintiff's] complaint under Rule 12(b)(6) did not violate [the plaintiff's] right to a jury trial under the Seventh Amendment[ ] . . . [because] there were no facts to be 'tried' by a jury.").

Second, Plaintiff's request for a jury trial under Rule 38 is untimely.  Rule 38 states that a jury demand must be made "no later than 14 days after the last pleading directed to the issue is served."  Fed. R. Civ. P. 38(b)(1).  The last pleading in this case, Plaintiff's Amended Complaint (ECF No. 4), was served in January 2019 (ECF No. 11), and Plaintiff's Motion to Reopen was not filed until January 2020 (ECF No. 79).  Thus, even if Plaintiff's claims had not been dismissed, she waived her right to a jury trial by failing to make a timely demand.  *See* Fed. R. Civ. P. 38(b)(1); *Macon v. E.I. DuPont*, 2011 WL 1814925, at *1 (E.D. Va. May 11, 2011).  For these reasons, Plaintiff's Motion to Reopen will be denied.

**B.    Rule 59 Motion**

Plaintiff moves the Court to reconsider its prior Order in this case on the basis of Colorado Rule of Civil Procedure 59.  (ECF No. 198.)  However, the Colorado Rules of Civil Procedure do not apply to federal courts, *see* Colo. R. Civ. P. 1, and federal courts in any event would not bound by such rules, at least to the extent that subject matter jurisdiction is predicated on 28 U.S.C. § 1331,[1] *see Erie R. Co. v. Tompkins*, 304 U.S.

---

[1] Plaintiff did not specify the basis for the Court's subject matter jurisdiction in her pleadings.  (*See* ECF Nos. 1 & 4.)  Because Plaintiff brings only federal claims and there is no basis for inferring that diversity jurisdiction exists in this case, the Court assumes that jurisdiction is predicated on § 1331.

64, 78 (1938). However, because Plaintiff is proceeding *pro se*, the Court will construe Plaintiff's Rule 59 Motion as a motion brought under Federal Rule of Civil Procedure 59(e).

The three principal grounds that justify reconsideration under Rule 59(e) are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) does not offer an opportunity for a party to reargue its case after the court has rendered a decision. *Id.* (stating that a party moving to reconsider a prior ruling should not "revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *see also All West Pet Supply Co. v. Hill's Pet Products Div.*, 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").

Here, even on a liberal reading of Plaintiff's Rule 59 Motion, she does not identify any basis whatsoever for amending or altering the Court's previous Order in this case or the final judgment entered against her. The Court is confident in its prior analysis that Plaintiff failed to state any plausible claims for relief, largely because she failed to administratively exhaust those claims. (*See* ECF No. 51.) Thus, because Plaintiff has not shown that there was an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice, Plaintiff's Rule 59 Motion will be denied.

**C.     Motion for Appointment of Counsel**

Because Plaintiff's Motion to Reopen and Rule 59 Motion will be denied, this case will remain closed. Accordingly, Plaintiff's Motion for Appointment of Counsel will be denied as moot.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Motion to Reopen (ECF No. 79) and Rule 59 Motion (ECF No. 81) are DENIED, and Plaintiff's Motion for Appointment of Counsel (ECF No. 91) is DENIED AS MOOT.

Dated this 6th day of August, 2020.

BY THE COURT:

William J. Martinez
United States District Judge